FILED
DISTRICT
W.D.N.Y. BUF

2001 JUN 23  PM 4: 02          -PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIGUEL BOBE,

                    Petitioner,

          -v-                                        06-CV-0408E

UNITED STATES OF AMERICA,                    MEMORANDUM and ORDER

                    Respondent.

_____

     Petitioner, Miguel Bobe, who is presently incarcerated at the Northeast Ohio

Correctional Center located in Youngstown, Ohio and serving a sentence of imprisonment

of 72 months imposed by this Court upon a judgment of conviction entered on April 19,

2002, has filed an application for relief under, *inter alia*, the All Writs Act, 28 U.S.C. 1651,

Fed.R.Civ.P. 60(b), Fed.R.Crim.P. 35(a) and 28 U.S.C. § 2241, seeking credit for time he

served while in the custody of the U.S. Marshals Service upon the issuance of a writ of

habeas corpus *ad prosequendum* during the time he was "serving" a state sentence.[1]

Bobe claims that under 18 U.S.C. § 3585(b) he should be given a credit of 1540 days

towards service of his federal sentence for the time he spent in the custody of the U.S.

Marshals Service prior to the time his federal sentence "commenced."

     Because this application should be properly construed as a petition for habeas

corpus relief under 28 U.S.C. § 2241 inasmuch as it challenges the "*execution*," as

opposed to the "*imposition*", of Bobe's sentence, *see Chambers v. United States*, 106 F.3d

_____

[1]Bobe's application was initially filed and docketed in Bobe's prior criminal proceeding, *U.S. v. Bobe*, 98-CR-0087E, inasmuch as it was labeled as a "motion to correct sentence." Upon the Court's direction, the Clerk's Office assigned a new docket number to this application.

472, 474 (2d Cir. 1997) ("A [federal prisoner] seeking to challenge the legality of the *imposition* of a sentence by a court may therefore make a claim pursuant to section 2255. A challenge to the *execution* of a [federal] sentence, however, is properly filed pursuant to section 2241 (citations omitted, emphasis in original).); *see also Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir. 1978), it, as discussed below, must be transferred to the United States District Court, Northern District of Ohio, Eastern Division, because Bobe is presently incarcerated at the Northeast Ohio Correctional Facility in Youngstown, Ohio. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Carvajales-Cepeda v. Meissner*, 966 F.Supp. 207, 208 (S.D.N.Y. 1997); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ( a writ of habeas corpus acts upon the petitioner/inmate's custodian and not the petitioner/inmate).

It is well-settled that the United States "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir.1998); *see also* 18 U.S.C. § 3585(a) (a defendant's sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"). If a defendant disputes the Bureau of Prison's calculation of his sentence, he may seek judicial review of any time-served credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241, once administrative remedies are exhausted.[2]

---

[2]If, as discussed below, Bobe wishes to pursue relief under § 2241 regarding the credit he should receive for time-served prior to commencement of his federal sentence, he should be prepared to allege facts demonstrating whether he has exhausted his administrative remedies within the Bureau of Prisons or, in the alternative, why exhaustion of such remedies should be excused. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

See Rogers v. United States, 180 F.3d 349, 358 (1st Cir.1999); Rosemond v. Menifee, 137 F.Supp.2d 270 (S.D.N.Y. 2000).

Moreover, in a habeas proceeding under § 2241, the court must have jurisdiction over the custodian of the petitioner, see Braden, 410 U.S. at 494-95, and the proper respondent in a habeas matter is the warden of the facility in which the petitioner is incarcerated. See Rumsfeld, 542 U.S. 426 (2004); Carvajales-Cepeda, 966 F.Supp. at 208. As noted, Bobe is incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio and, therefore, this matter should be transferred to the United States District Court for the Northern District of Ohio, Eastern Division. See 28 U.S.C. § 1406(a).

However, before the Court can re-characterize the instant application as a petition for habeas corpus relied under 28 U.S.C. § 2241, it must first notify Bobe of its intent to re-characterize the application as one under § 2241 and provide him an opportunity to withdraw it if he does not wish it to be so recharacterized. See Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004); Adams v. United States, 155 F.3d 582 (2d Cir.1998). Notice and opportunity before re-characterization is required because of the "gate-keeping" mechanism of 28 U.S.C. § § 2244 and 2255, which requires a petitioner to obtain permission from the Court of Apppeals before filing a second or "successive" habeas corpus petition.[3] In Simon, the Second Circuit, without deciding whether the gate-keeping

---

[3]28 U.S.C. § 2244(a)-(b) provides:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

mechanism applied to petitions filed under § 2241, cautioned district courts to provide a petitioner notice of its intention to re-characterize an application for relief as a petition under § 2241 and give petitioner the opportunity to withdraw the application rather than having it re-characterized. Therefore, before the matter can be re-characterized and then transferred, the Court must notify Bobe of its intent to re-characterize the instant application as a petition for habeas corpus relief under § 2241, and instruct him that if he does not wish the instant application to be so re-characterized he must inform the Court, in writing, by **July 26, 2006**, that he wishes to withdraw the application without prejudice.

Accordingly, Bobe is hereby notified that the Court finds that the instant application, notwithstanding its designation, should be construed as a petition brought pursuant to 28 U.S.C. § 2241. Bobe may withdraw the instant application if he does not wish to pursue relief under § 2241. If petitioner chooses to withdraw the instant application, he must so notify the Court in writing by **July 26, 2006**. If Bobe fails to notify the Court by **July 26, 2006**, of his intention not to pursue relief under § 2241, the instant application will be construed as pursuing relief under § 2241.

---

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

If petitioner fails to inform the Court, in writing, by **July 26, 2006,** as to whether he wishes to withdraw the instant application or have the Court re-characterize it as a habeas corpus petition under 28 U.S.C. § 2241, the application shall be so re-characterized and transferred to the United States District Court for the Northern District of Ohio, Eastern Division.   Any determination regarding whether Bobe has exhausted his available administrative remedies shall be left to the transferee court. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the instant order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

DATED:     Buffalo, New York
             _June 23_____, 2006

                                       _____
                                       JOHN T. ELFVIN
                             UNITED STATES DISTRICT JUDGE